# In the United States Court of Federal Claims

No. 18-118C
(Filed: December 31, 2019)

```
* * * * * * * * * * * * * * * * * * * * * * * * * *
                                    *
KUDU LIMITED II, INC.,              *
                                    *
            Plaintiff,              *   Motion to Suspend Discovery
                                    *   Pending Resolution of Motion
            v.                      *   for Judgment on the Pleadings;
                                    *   Rule 26(c).
THE UNITED STATES,                  *
                                    *
            Defendant.              *
                                    *
* * * * * * * * * * * * * * * * * * * * * * * * * *
```

David G. Wall, Don C. Griffin, Vinson & Elkins LLP, 1001 Fannin Street, Suite 2500, Houston, TX 77002, for Plaintiff.

Joseph H. Hunt, Robert E. Kirschman, Jr., Steven J. Gillingham, Antonia Ramos Soares, U.S. Department of Justice, Commercial Lit. Branch, Civil Division, P. O. Box 480, Ben Franklin Station, Washington, DC 20044, for Defendant. Bernard J. McShane, Of Counsel, U.S. Department of Transportation, Maritime Administration, Office of General Counsel, for Defendant.

---

**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO SUSPEND DISCOVERY**

---

**WILLIAMS**, Senior Judge.

This case comes before the Court on "Defendant's Motion to Suspend All Discovery Pending the Court's Disposition of the Government's Motion to Dismiss." In this action, Plaintiff claims that the Maritime Administration[1] ("MARAD") breached a lease by constructing improvements in violation of the lease terms. For the reasons stated below, Defendant's motion is denied.

---

[1] The Maritime Administration is the agency within the United States Department of Transportation responsible for waterborne transportation systems nationwide.

**Background**[2]

Plaintiff Kudu Limited II, Inc., ("Kudu") is the owner of 56 acres of water-fronting property in Orange County, Texas. In 1955, Kudu's predecessor leased this property to MARAD. Over the last several decades, MARAD used the property, known as the Beaumont Layberth Facility, for the operation of the Beaumont Reserve Fleet. Between 2012 and 2014, MARAD expanded the Beaumont Layberth Facility to provide fixed mooring structures for eight vessels. MARAD constructed improvements on the property including two concrete T-piers and approaches to the piers, as well as a potable water system, "hotel services," an access road, parking, lighting, and security. McCarthy Building Companies, Inc. ("McCarthy") constructed the improvements, pursuant to a contract with MARAD.

**Procedural History**

On January 24, 2018, Plaintiff filed the instant action alleging that MARAD breached the lease by constructing these improvements. Plaintiff asks the Court to declare that MARAD violated the lease and that Plaintiff is entitled to terminate the lease. On April 2, 2018, Defendant filed an Answer.

On May 22, 2018, the Court authorized the parties to conduct fact discovery through January 13, 2019. On December 18, 2018, the Court stayed this matter to enable the parties to engage in settlement discussions, but these discussions were unsuccessful. On July 2, 2019, the Court entered an order establishing deadlines of February 14, 2020, for the completion of fact discovery and April 17, 2020, for completion of expert discovery. The parties have exchanged documents and written discovery responses, and on August 20, 2019, Defendant represented that it intended to begin rolling productions of additional documents by September 20, 2019. Pl.'s Resp. to Def.'s Mot. To Suspend Discovery 7.

On September 20, 2019, instead of producing documents, Defendant filed a Rule 12(b)(6) motion, along with the subject motion to suspend discovery. Defendant filed its motion to dismiss nearly one and a half years after filing its Answer, and subsequently asked to convert its Rule 12(b)(6) motion into a Rule 12(c) motion for judgment on the pleadings.[3]

**Discussion**

In the instant motion, Defendant requests that the Court suspend all discovery in this matter until the Court has ruled on Defendant's Rule 12(c) motion, arguing that discovery is not required because the complaint raises solely legal issues of contract interpretation – whether the lease permitted MARAD to construct the concrete T-piers, potable water system, and additional improvements. After voluntarily engaging in discovery, Defendant now argues that MARAD's discretion to construct improvements under the lease is so broad that any factual discovery is unnecessary. Defendant relies upon language in the lease affording Defendant riparian rights, as

---

[2]   This background is derived from Plaintiff's Complaint and Exhibit A thereto.

[3]   Rule 12(h)(2)(B) provides that "[f]ailure to state a claim upon which relief can be granted . . . may be raised . . . by motion under RCFC 12(c)." A Rule 12(c) motion for judgment on the pleadings may be made "[a]fter the pleadings are closed—but early enough not to delay trial[.]"

well as the right to construct structures related to protecting the leased premises from fire or trespass and providing "cathodic protection" to Beaumont Reserve Fleet vessels.  Def.'s Mot. to Suspend Discovery 7 (citing Compl. Ex. A, ¶ 6).

> Specifically, Defendant invokes Paragraph 6 of the lease, which provides:
>
> [MARAD] shall have the sole and exclusive right to police and protect said premises from fire or trespass of any and every kind, to erect and maintain thereon observation or protective towers, electric power and telephone lines, to perform thereon any and all construction work necessary in connection with the cathodic protection of vessels comprising the reserve fleet, and to have sole and exclusive use of all riparian rights fronting on said premises.

Compl. Ex. A, ¶ 6 (emphasis added).

In its motion for judgment on the pleadings, Defendant contends that Plaintiff fails to state a plausible claim for relief because (1) MARAD's right to construct T-piers and all other structures built by MARAD is encompassed within MARAD's riparian rights and other construction rights under the lease, (2) MARAD was not required to obtain Plaintiff's permission to construct improvements, (3) Plaintiff fails to allege how it was harmed by the construction of improvements, and (4) Plaintiff's requested remedy of termination of the lease is not available under the lease.  Def.'s Mot. to Dismiss 9-10.  Defendant contends that discovery should be stayed because dismissal is likely.

Under Rule 26(c) "the Court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]"  The party seeking to shield itself from discovery bears the burden of demonstrating that "good cause" exists for a protective order.  Capital Properties, Inc. v. United States, 49 Fed. Cl. 607, 611 (2001).

"The intention of a party to move for judgment on the pleadings is not ordinarily sufficient to justify a stay of discovery."  Gray v. First Winthrop Corp., 133 F.R.D. 39, 40 (N.D. Cal. 1990) (citations omitted); see Rosario v. Starbucks Corp., No. 2:16-CV-01951 RAJ, 2017 WL 4122569, at *1 (W.D. Wash. Sept. 18, 2017) ("[A] motion to dismiss alone, is not grounds for staying discovery"); Solomon Realty Co. v. Tim Donut U.S. Ltd., Inc., No. 2:08-CV-561, 2009 WL 2485992, at *2 (S.D. Ohio Aug. 11, 2009) ("[O]ne argument that is usually deemed insufficient to support a stay of discovery is that a party intends to file, or has already filed, a motion to dismiss for failure to state a claim under Rule 12(b)(6)"); Turner Broad. Sys., Inc. v. Tracinda Corp., 175 F.R.D. 554, 555-56 (D. Nev. 1997) (denying stay of discovery pursuant to Rule 26(c) pending Defendant's motion to dismiss, where Defendant argued claims would be decided purely upon legal questions of contract interpretation).

If the courts were to regularly stay discovery due to the pendency of a motion to dismiss, this would unnecessarily slow the place of litigation.  As the court in Gray observed,

> Had the Federal Rules contemplated that a motion to dismiss under Fed.R.Civ.Pro. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect. In fact, such a notion is directly at odds with the need for expeditious resolution of litigation . . . Since motions to dismiss are a frequent part of federal practice, this

3

> provision only makes sense if discovery is not to be stayed pending resolution of such motions.

133 F.R.D. at 40; see Solomon, 2009 WL 2485992, at *2.

This general caution against staying discovery merely because a motion to dismiss has been filed is particularly poignant in the instant case where discovery to date has not yielded much in the way of useful information. Plaintiff contends that after over nine months of fact discovery, Defendant has produced no internal MARAD correspondence, no emails with Defendant's project manager McCarthy, and no emails or correspondence between MARAD and Kudu. Defendant does not dispute these allegations. Def.'s Rep. to Def.'s Mot. to Suspend Discovery 10-14. Plaintiff further argues that the documents it has requested, in particular correspondence between MARAD and McCarthy related to the building and operation of the new construction, are "essential for Kudu to understand what was constructed on the leased property and how those improvements are being used (information that is within the Government's control) which is relevant to the breach of lease issue." Pl. Resp. to Def.'s Mot. to Suspend Discovery 5. Plaintiff also cites ambiguities in the existing record regarding whether utilities related to sewage were constructed on the property and whether the facilities were designed to be used for "roll-on/roll-off ramp deployment of vessels." See id. at 9. Finally, Plaintiff raises an issue regarding the erased laptop of MARAD employee Dale Vandagriff, allegedly Kudu's primary point of contact at MARAD during the relevant time period. Defendant disclosed in June, 2018, that Mr. Vandagriff's laptop had been erased by MARAD technology personnel despite the existence of a litigation hold, and agreed to locate emails to or from other parties involving Mr. Vandagriff. However it appears that, to date, Defendant has not produced any such emails. See id. at 4-5.

Given that this case has been pending for a year and 11 months and Defendant has delayed both responding to ongoing discovery and raising its Rule 12 motion, Defendant has not established good cause to warrant a suspension of discovery.

## Conclusion

Defendant's motion to suspend discovery is **DENIED**.

s/Mary Ellen Coster Williams
**MARY ELLEN COSTER WILLIAMS**
**Senior Judge**